UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                      CASE NO.: 24-14573-SMG

AARON DURALL                                                  In proceedings under Chapter 11

    Debtor.
_____/

## DEBTOR'S EXPEDITED MOTION TO DISMISS CASE

Aaron Durall (the "Debtor"), through undersigned counsel, files this Motion to Dismiss Case pursuant to Bankruptcy code Section 305(a) and Federal Rule of Bankruptcy Civil Procedure 1017 and in support thereof would state:

1. On May 9, 2024, Mr. Dural, the Debtor, filed a voluntary petition under title 11, Chapter 11 sub chapter V of the United States Code. Mr. Durall is an attorney who is experienced in personal injury litigation. He is also a businessman.

## BACKGROUND AND TIME LINE

2. On or about November 21, 2013, Mr. Durall purchased a home located at 9447 Satinleaf Place, Parkland Fl 33076 ("Satinleaf Residence"). According to the records of the Broward County Property Appraiser the purchase price was $576,800.00.

3. On or about June 3, 2014, Mr Durall formed a corporation named Reliance Laboratory Testing, Inc. ("Reliance ") which was located in Sunrise, Florida. Reliance was a profitable business.

4. On or about August 2016, DL Investments Holdings LLC, Mr. Durall and Neisha Zaffuto ("Zaffuto"), a business partner, acquired Chestatee Regional Hospital ("Chestatee Hospital") which was located in a rural area of Georgia.

5. On or about November 14, 2016, Mr. Durall and his wife, Melanie, acquired a home located at 7822 Marvanna Lane, Parkland, Florida 33076. According to the Broward County Property Appraiser the purchase price was $1,992,800.00, and the just value now is $2,878,050.00.

6. According to the Arbitration Award, Cigna and others did not believe that Chestatee Hospital was entitled to be reimbursed at "in-network" rates for urine drug testing services due, in part, to the fact that the confirmatory testing was performed at Reliance.

7. DL Investments LLC sold Chestatee at a loss in 2018 .

8. According to his 2018 personal tax return, Mr. Durall had a salary of $736,000.00 and capital gains of $2,141,186.00 in 2018.

9. On or about August 9, 2018, Mr. Durall conveyed the Satinleaf residence to his father Dalton Durall, Jr. who resides in the property. According to the Broward County Property Appraiser, the just value of the Satinleaf Property is now $1,083,980.00.

10. On January 16, 2018, Mr. Durall formed Canmed Labs LLC which operated a cannabis business located in California.

11. Sometime in 2019, Mr. Durall was removed from all of his bank accounts, including those held jointly with his wife at the request of the banking institutions.

12. In 2020 Mr Durall was indicted as a result of the business transactions conducted by hospitals he owned through DL Investments based upon the insurance reimbursements received an "in network basis".

13. Shortly after the indictment, Mr. Durall closed the business of Canmed Labs, LLC, which defaulted on its lease for the California location. The landlord instituted an action against Mr. Durall personally which resulted in a deficiency judgment dated February 2, 2022, in favor of Vanaz Land Company in the amount of $367,054.33.

14. On or about February 28, 2022, DL Investment served an arbitration demand on Cigna Healthcare of Georgia Inc. ("Cigna") seeking reimbursement for unpaid claims. Cigna answered and asserted counterclaims against DL Investment and Mr. Durall and Ms. Zaffuto personally. Mr. Durall and Ms. Zaffuto, individually were dismissed as parties to the arbitration action since they had never personally agreed to arbitration.

15. On or about March 2023, as pointed out by Cigna in a footnote to the objection to Debtor's schedules (ECF 24 at page 6), Mr. Durall was acquitted of Federal charges not once, but twice even after the Court issued Allen charge.

16. On December 1, 2023, the Arbitrator entered a final ruling and award in favor of Cigna in the amount of $20,605,119 inclusive of attorneys fees.

17 On December 23, 2023, Cigna filed a Petition to Confirm Arbitration Award and Action Against Aaron Durall and Neisha Zaffuto, individually. Cigna sought to bring an action against Mr. Aaron and Ms. Zaffuto individually under a theory that they were the "alter ego" of Chestatee Hospital.

18. Mr. Durall and Ms. Zafuto filed a Motion to Dismiss the action against them individually on the ground that such an action would be time barred, and that Cigna failed to pled the requisite elements of an alter ego cause of action.

19. On or about 10:30 p.m. on June 10, 2024, Cigna filed an Objection to the
        Debtor's
Subchapter V Election or in the Alternative, Motion to Convert to Chapter 7 asserting that Cigns's claim against Mr. Durall was not contingent.

20. Before 11:00 a.m. on June 11, 2024, United States District Court Judge Damian entered an Order on Respondent's Motion to Dismiss Granting the Motion to Dismiss filed by Mr. Aaron and Ms. Zaffuto (the " Dismissal Order"). See Notice of Filing at ECF 39. The Dismissal Order provides that Cigna may seek leave to commence proceedings supplementary to

implead allegations related to its alter ego theory and implead third parties to such supplementary proceeding to collect on its judgment. Cigna has not sought relief from the stay to commence pleadings supplementary and until Cigna is granted leave to do so, Cigna has no claim against the Debtor, individually.

## MEMORANDUM OF LAW

Bankruptcy Code Section 305 (a) provides:

The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if- (1) the interests of creditors and the debtor would be better served by such dismissal or suspension ...

Bankruptcy Code Section 1112 (b) provides:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that-

Debtor's schedules list total unsecured liabilities in the amount of $20,490,350.73 of which $20,000,000.00 was the disputed claim of Cigna. There is currently 4 claims filed totaling $528,224.81 of which $40,718.80 is the secured claim of Broward County.

The Debtor has negotiated a settlement with his largest judgment creditor and would satisfy that claim without delay. Debtor was current with the payments owed to all other creditors prior to the filing of this case.

In light of the dismissal of Cigna's cause of action against the Debtor individually, the Debtor has the ability to pay the remaining claims against him. While the Debtor acknowledges that Cigna can attempt to implead him under the Florida Statutes and pursue its alter ego action

4

against him personally, such litigation between the Debtor and Cigna has historically been time consuming and complex. This litigation appears to be related to Debtor's cause of action against Cigna for malicious prosecution.  All litigation between Cigna and Mr. Durall is a matter of state law. Since the Debtor has the ability to satisfy his debts, it is in the best interest of his creditors to dismiss this case at this time. The two party dispute between Mr. Durall and Cigna is of no benefit to creditors with existing claims whose payment should not be delayed by the ongoing litigation between Cigna and Mr Durall.

Furthermore, the cost of bankruptcy litigation between the Debtor and his insurers may diminish the funds available to his actual creditors. Payment to those creditors will be accelerated by the dismissal of the case. Further, Debtor will save additional attorneys fees and costs of this proceeding arising from the Cigna objection to this case, if dismissal occurs within 20 days.

The Debtor will file its monthly operating report which will  reflect minimal activity since the filing of this case.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order Granting  Debtor's Motion to Dismiss and for such further relief as the court deems just.

I HEREBY CERTIFY that a copy of the above and foregoing has been served to the parties on the list attached hereto on this 17th day of June, 2024, and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

>Susan D. Lasky
>Attorney for Debtor
>320 S.E., 18th St.
>Fort Lauderdale Fl 33316
>(954) 400-7474
>Sue@suelasky.com
>
>By:  /S/ SUSAN D. LASKY
>        SUSAN D. LASKY, ESQ
>        Florida Bar No.: 451096

Scott Andron on behalf of Creditor Broward County
sandron@broward.org, swulfekuhle@broward.org

Alison Patricia Baker on behalf of Creditor UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and UnitedHealthcare of Georgia, Inc.
abaker@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com

Tarek Kirk Kiem
trustee@kiemlaw.com, efilekiem@yahoo.com,ctk11@trustesolutions.net

Susan D. Lasky, Esq on behalf of Debtor Aaron Durall
ECF@suelasky.com, ecfsuelasky@gmail.com;r48532@notify.bestcase.com

Martin P Ochs on behalf of U.S. Trustee Office of the US Trustee
martin.p.ochs@usdoj.gov

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Eduardo F Rodriguez on behalf of Creditor Cigna Healthcare of Georgia Inc.
eddie@efrlawfirm.com

Eduardo F Rodriguez on behalf of Special Counsel Kennedy R. Bodnarek
eddie@efrlawfirm.com

Eduardo F Rodriguez on behalf of Special Counsel William S. Sugden
eddie@efrlawfirm.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 24-14573-SMG<br>Southern District of Florida<br>Fort Lauderdale<br>Thu May 30 16:32:09 EDT 2024 | Broward County<br>c/o Records, Taxes & Treasury<br>Attn: Bankruptcy Section<br>115 S. Andrews Ave. A-100<br>Ft. Lauderdale, FL 33301-1888 | Alston & Bird<br>950 F Street NW<br>Washington, DC 20004-1491 |
| Assistant US Attorney<br>Civil Division (Bankruptcy)<br>99 NE 4 Street 3rd Floor<br>Miami, FL 33132-2131 | CACH, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Capital One Bank<br>POB 30285<br>Salt Lake City, UT 84130-0285 |
| Cigna Healthcare of Georgia<br>Jared M Slade<br>2200 Ross Ave., Suite 2300<br>Dallas, TX 75201-2728 | Cigna Healthcare of Georgia, Inc<br>900 Cottage Grove Road<br>Blooomfield, CT 06002-2920 | (p)U S  ATTORNEY'S OFFICE<br>99 NE 4TH STREET SUITE 300<br>MIAMI FL 33132-2131 |
| Ge Hfs Llc<br>3000 North Grandview Blvd<br>Waukesha, WI 53188-1615 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Kelsey L. Kingsbery Esq<br>Alston & Bird<br>555 Fayetteville Street, Suite 600<br>Raleigh, NC 27601-3066 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | SBA*<br>409 3rd Street W<br>Washington, DC 20024-3212 |
| Securities and Exchange Commission<br>100 F St., NW<br>Washington, DC 20549-0001 | Special Asst United States<br>Assoc Area Counsel (SBSE) - Ft Laud<br>1000 S Pine Island Rd<br>Suite 300<br>Fort Lauderdale, FL 33324-3910 | Special Asst United States<br>Assoc Area Counsel (SBSE) Miami<br>POB 9, Stop 8000<br>51 SW 1 Ave<br>Miami, FL 33130-1608 |
| United States Attoeny<br>Southern District of Florida<br>99 NE 4 St<br>Miami, FL 33132-2145 | United States Attorney General<br>Main Justice Bldg<br>950 Pennsylvania Ave, NW<br>Room 4400<br>Washington, DC 20530-0001 | Vanaz Land<br>Po Box 16207<br>Fort Lauderdale, FL 33318-6207 |
| Aaron Durall<br>7822 Marvanna Lane<br>Parkland, FL 33076-4462 | Susan D. Lasky Esq<br>320 SE 18 Street<br>Fort Lauderdale, FL 33316-2818 | Tarek Kirk Kiem<br>PO Box 541325<br>Greenacres, FL 33454-1325 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Civil Process Clerk<br>US Attys Office<br>99 NE 4 Street<br>Suite 300, Civil Division<br>Miami, FL 33132 | Georgia Department Of Revenue<br>1214 North Peterson Avenue<br>Suite 1<br>Douglas, GA 31533 | IRS*<br>Insolvency Support Group Unit<br>Stop 5730<br>7850 SW 6 Ct, Room 165<br>Fort Lauderdale, FL 33318 |

...

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Broward County                    (u)Neisha Zaffuto                    End of Label Matrix
c/o Records, Taxes & Treasury                                             Mailable recipients   23
Attn:  Bankruptcy Section                                                 Bypassed recipients    2
115 S. Andrews Ave. A-100                                                 Total                 25
Ft. Lauderdale, FL 33301-1888
```