UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: : | CHAPTER 11 |
| : | |
| AARON DURALL, : | |
| : | CASE NO. 24-14573 -SMG |
| : | |
| DEBTOR. : | |

_____

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
EXPEDITED MOTION TO DISMISS CASE
AND REQUEST TO CONVERT CASE TO CHAPTER 7[1]**

The United States Trustee, by her undersigned counsel, submits this objection (the "Objection") in response to the Debtor's Expedited Motion to Dismiss Case (the "Motion"). For the reasons set forth herein, the Court should deny the Motion. It is the United States Trustee's belief that conversion, rather than dismissal, is in the best interests of creditors, as an independent Chapter 7 trustee is necessary to investigate, among other things, the Debtor's pre-petition transfer of assets as well as claims asserted against the Debtor.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

1. Aaron Durall (the "Debtor") filed a voluntary chapter 11 case on May 9, 2024, and elected to proceed under subchapter V of Title 11 (ECF No. 1).

2. On May 10, 2024, the United States Trustee appointed Tarek Kirk Kiem as the Subchapter V Trustee (ECF No. 8).

3. The Section 341 meeting of creditors was held on June 5, 2024 (the "341 Meeting").

---

[1] The United States Trustee notes that the Court has set an evidentiary hearing on the Objection to Debtor's Subchapter V Election or, in the alternative, Motion to Convert to Chapter 7 filed by Cigna Healthcare of Georgia, Inc. (ECF No. 24) for July 30, 2024.

4. At the 341 Meeting, counsel for the United States Trustee questioned the Debtor regarding his assets and liabilities, as well as various pre-petition transfers he made.

5. At the 341 Meeting, the Debtor testified that on February 29, 2024, he sold a Ferrari Spider for $690,000, and transferred the sale proceeds to his wife. The Debtor's Statement of Financial Affairs fails to disclose the transfer of the proceeds to his wife. The Debtor indicated that he would transfer the proceeds into his debtor-in-possession account. To date, the Debtor has failed to provide the United States Trustee with proof of the transfer into his account.

6. On his schedules, the Debtor disclosed a "Piquet Royal Oak" watch (ECF No. 1). Upon information and belief, that watch has significant value. The Debtor testified at the 341 Meeting, however, that (i) he incorrectly listed this watch; (ii) he no longer had the watch, and (iii) he owned a Patek Phillipe watch, another watch with significant value. To date the Debtor has not filed amended schedules correcting this information.

7. At the 341 Meeting, the United States Trustee requested Debtor provide photos of the watch in the Debtor's possession as well as documentation regarding the Piquet Royal Oak watch previously owned by the Debtor to be provided within 10 days. To date, the Debtor has not provided the photos of the watch or any of the documentation requested.

8. The Debtor filed the expedited Motion on June 17, 2024, seeking dismissal of his case (ECF No. 43).

9. The Debtor claims, *inter alia*, that dismissal is warranted due to the United States District Court for the Southern District of Florida's post-petition decision dismissing a lawsuit filed by Cigna Healthcare of Georgia, Inc. ("Cigna") against the Debtor and Neisha Zaffuto. (ECF No. 43).

10. The Debtor asserts that, as a result, Cigna does not presently have any claims against the Debtor (Motion, ¶43).

11. The Debtor argues that dismissal is warranted as the Debtor can pay the remaining claims against him (Motion, at 4).

**ARGUMENT**

12. The Court should deny the Debtor's Motion and enter an order converting the Debtor's case to chapter 7.

13. A chapter 11 debtor does not have an absolute right to dismiss a bankruptcy case. The decision of whether to dismiss or convert a chapter 11 case lies within the discretion of the Bankruptcy Court. *Jacobson Dev. Grp., LLC v. Office of United States Tr.*, 2023 U.S. Dist. LEXIS 39058 (E.D.N.Y. Mar. 8, 2023).

14. Although the Debtor claims he can pay his creditors outside of bankruptcy, there is no indication that the Debtor has the wherewithal to accomplish this or will actually do so.

15. The Debtor's May 2024 operating report reflects no cash on hand (ECF No. 56), and the Debtor indicates in his Motion that the June 2024 operating report will reflect "minimal activity" (Motion, at 5).

16. The Debtor has failed to amend his schedules and has failed to provide requested information regarding the transfer of certain assets.

17. Pursuant to 11 U.S.C. § 1112(b)(4)(H), the Debtor's failure to timely provide information or attend meetings reasonably requested by the United States trustee is cause for dismissal or conversion.

18. Furthermore, the failure to return almost $700,000 in sales proceeds to the estate is gross mismanagement, cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(B).

19. The appointment of an independent chapter 7 trustee is warranted in this case to investigate the Debtor's assets, liabilities, and sizable pre-petition transfers.

WHEREFORE, the United States Trustee respectfully requests the Court deny the Debtor's Motion and enter an order converting the Debtor's case to Chapter 7.

> MARY IDA TOWNSON
> UNITED STATES TRUSTEE
> REGION 21
>
> By: _____/s/_____
> Martin P. Ochs*
> Georgia Bar No. 091608
> United States Department of Justice
> Office of the United States Trustee
> 362 Richard Russell Building
> 75 Ted Turner Drive SW
> Atlanta, Georgia 30303
> (404) 331-4509
> martin.p.ochs@usdoj.gov

* I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EXPEDITED MOTION TO DISMISS CASE AND REQUEST TO CONVERT CASE TO CHAPTER 7** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system to the following:

**Scott Andron**     sandron@broward.org, swulfekuhle@broward.org
**Alison Patricia Baker**     abaker@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com
**Tarek Kirk Kiem**     trustee@kiemlaw.com, efilekiem@yahoo.com,ctk11@trustesolutions.net
**Scott D Knapp**     scott.knapp@nelsonmullins.com, traci.lewis@nelsonmullins.com
**Susan D. Lasky**     ECF@suelasky.com, ecfsuelasky@gmail.com;r48532@notify.bestcase.com
**Martin P Ochs**     martin.p.ochs@usdoj.gov
**Office of the US Trustee**     USTPRegion21.MM.ECF@usdoj.gov
**Shane G Ramsey**     shane.ramsey@nelsonmullins.com, shane.ramsey@nelsonmullins.com;linnea.hann@nelsonmullins.com;jada.prendergast@nelsonmullins.com
**Eduardo F Rodriguez**     eddie@efrlawfirm.com

DONE this the 8th day of July, 2024.

                By: _____/s/_____
                      Martin P. Ochs
                      Georgia Bar No. 091608
                      United States Department of Justice
                      Office of the United States Trustee
                      362 Richard Russell Building
                      75 Ted Turner Drive SW
                      Atlanta, Georgia 30303
                      (404) 331-4509
                      martin.p.ochs@usdoj.gov

*I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.