UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re: | Case No. 24-14573-SMG |
| AARON DURALL, | Chapter 11 |
| Debtor. | Subchapter V |
| | Re: Docket Nos. 43 & 81 |

**UNITED'S JOINDER WITH CIGNA'S OBJECTION TO
DEBTOR'S EXPEDITED MOTION TO DISMSS**

1. UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and UnitedHealthcare of Georgia, Inc. (collectively, "United") agree with the argument stated, and outcome requested, by Cigna Healthcare of Georgia Inc. ("Cigna") in its Objection to the Debtor's Expedited Motion to Dismiss (the "Cigna Objection") Dismiss. (Docket No. 81.) The debtor Aaron Durall's (the "Debtor's") motion to dismiss should be denied, and this case should be converted to Chapter 7.

2. The Cigna Objection puts it well: "Few cases have ever screamed out more for Court oversight, as well as oversight by an independent and disinterested fiduciary." (Docket No. 81, at 1.) United agrees.

3. Debtor's lack of candor to this Court (in just this proceeding) is well-documented. For example, he has given shifting explanations about the existence and scope of his assets—including about his luxury watch(es), Ferrari, real-estate purchases, personal bank accounts, and giving money to insiders and relatives for no consideration—and his debts, some of which he listed inaccurately (like his debt to Cigna).[1] At a minimum, the Debtor has not been forthcoming with

---

[1] *See* Exhibit A (Section 341 Meeting Transcript) to Docket No. 24, at pp. 22-23, 25-27, 32-34, 37-39, 49-59, 67-68.

the Court. More likely, he has been actively misrepresenting his assets and hiding money from a variety of creditors.

4. Not to put too fine a point on it, but in 2020, the Debtor was indicted and twice tried by the Department of Justice for his role in a $1.4 billion healthcare billing fraud scheme. Although Debtor was acquitted, the government alleged that the Debtor's personal proceeds from that scheme were **$184,407,671**. *See United States v. Perez, et al.*, No. 3:20-cr-00086-TJC-JBT (M.D. Fla.), D.E. 180 ¶ 13(c), D.E. 603. Where is that money now?

5. On June 17, 2024, just a few weeks after voluntarily filing for relief under Subchapter V of Chapter 11 of the Bankruptcy Code ("Debtor") filed his *Expedited Motion to Dismiss Case* [Docket No. 43] (the "Motion"). Notably, the Motion was filed just twelve days after the Debtor's Section 341 meeting wherein he conceded, *inter alia*, the existence of material omissions and errors in his schedules and the failure, contrary to his obligations, to deposit estate assets in a debtor-in-possession bank account. The Motion was also filed just one week after Cigna filed an objection to the Debtor's designation that his case qualified as a small business case under Subchapter V and alternatively sought conversion to Chapter 7.[2] (*See* Docket No. 24.)

6. Having confronted his obligations as a debtor under the Bankruptcy Code at his Section 341 meeting, and the likelihood that his case did not qualify under Subchapter V, and the prospect of an independent fiduciary being appointed to take charge of his estate's assets and investigate the existence of additional potential estate assets (including litigation claims against the Debtor's family), the Debtor appears to have gotten buyer's remorse and seeks to escape the further scrutiny he voluntarily invited.

---

[2] United joined in this relief at Docket No. 60.

7. In the Motion, the Debtor tried to frame dismissal as being in the best interest of creditors because he "has negotiated a settlement with his largest judgment creditor and would satisfy that claim without delay" and that this case boils down to a two-party dispute between the Debtor and Cigna. (*See* Motion at 4–5.) Debtor is incorrect, and the Motion should be denied.

8. United is a party in interest and creditor of the Debtor. On June 27, 2024, United filed claim number 5-1 in the amount of $263,829.42 ("United's Claim").[3] By virtue of United's Claim (let alone the claims of other creditors that have been filed and may be filed by the July 18, 2024 bar date), this bankruptcy proceeding is not a two-party dispute. There are numerous creditors whose interests will be substantially benefited by maintaining this case and appointing an independent fiduciary to (i) secure existing estate assets and (ii) investigate the existence of potentially significant additional estate claims and causes of action. For the reasons set forth in the Cigna Objection, the best interests of creditors requires denial of the Motion and conversion of this case to one under Chapter 7.

9. Accordingly, United respectfully requests that the Court deny the Motion, convert this case to one under Chapter 7, and grant such further relief as justice requires.

Dated: July 8, 2024

                                            BY: /s/ *Alison P. Baker*
                                            Alison P. Baker, Esq.
                                            SHIPMAN & GOODWIN LLP
                                            12902 Mallard Creek Drive
                                            Palm Beach Gardens, FL 33418

                                            300 Atlantic Street, 3rd Floor
                                            Stamford, Connecticut 06901
                                            Main Telephone: (203) 324-8100

---

[3] For background on United and the Debtor's relationship and the circumstances that led to the debt owed to United by the Debtor, please refer to the *Attachment to Proof of Claim of UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and UnitedHealthcare of Georgia, Inc.*, which is attached to United's Claim.

Direct Dial Tel. (203) 324-8137
Facsimile: (203) 324-8199
Email: abaker@goodwin.com
Florida Bar No. 114041

- and -

Eric S. Goldstein, Esq. (admitted *pro hac vice*)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Main Telephone: (860) 251-5000
Direct Dial Tel: (860) 251-5059
Facsimile: (860) 251-5218
Email: egoldstein@goodwin.com
Connecticut Bar No. 424899

*Counsel for UnitedHealthcare Insurance Company, United HealthCare Services, Inc., and UnitedHealthcare of Georgia, Inc.*

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 8, 2024, I caused to be served a true and correct copy of the foregoing to all parties consenting to service through the Court's CM/ECF system, by email, and/or by U.S. Mail as indicated below.

Debtor (via U.S. Mail)
Aaron Durall
7822 Marvanna Lane
Parkland, FL 33076

Dalton Durall (via U.S. Mail)
Dalton Durall
447 Satin Leaf Place
Parkland, Florida 33076.

Melanie Durall (via U.S. Mail)
Melanie Durall
7822 Marvanna Lane
Parkland, FL 33076

Debtor's Counsel (via CM-ECF and E-Mail)
Susan D. Lasky
ECF@suelasky.com, ecfsuelasky@gmail.com; r48532@notify.bestcase.com

Office of the U.S. Trustee (via CM-ECF and E-Mail)
Martin P. Ochs
martin.p.ochs@usdoj.gov
USTPRegion21.MM.ECF@usdoj.gov

Tarek Kirk Kiem, as Subchapter V Trustee (via CM-ECF and E-Mail)
trustee@kiemlaw.com, efilekiem@yahoo.com,ctk11@trustesolutions.net

Cigna Healthcare of Georgia, Inc. (via CM-ECF and E-Mail)
Eduardo F Rodriguez
eddie@efrlawfirm.com

Cigna Healthcare of Georgia, Inc. (via E-Mail)
William S. Sugden
Kennedy R. Bodnarek
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

will.sugden@alston.com
kennedy.bodnarek@alston.com

<u>Elevance Health, Inc. (via CM-ECF and E-Mail)</u>
Scott D Knapp
scott.knapp@nelsonmullins.com
Shane G Ramsey
shane.ramsey@nelsonmullins.com

<u>Elevance Health, Inc. (via E-Mail)</u>
Frank B.B Knowlton
Nelson Mullins Riley & Scarborough LLP
Post Office Box 11070
Columbia, SC 29211
frank.knowlton@nelsonmullins.com

<u>Broward County (via CM-ECF and E-Mail)</u>
Scott Andron
sandron@broward.org, swulfekuhle@broward.org

                                       <u>/s/ *Alison P. Baker*</u>
                                        Alison P. Baker, Esq.