IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

AARON DURALL,

Debtor.

Case No. 24-14573-SMG

Chapter 7

**DECLARATION OF KENNEDY R. BODNAREK**

In support the *Joint Motion to Compel* (the "Motion") filed at ECF No. 319, on behalf of Cigna Healthcare of Georgia, Inc. ("Cigna"), I, Kennedy R. Bodnarek, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, hereby declare that the following is true and correct:

*Service of Jaquanda Smith*

1. On September 8, 2025, the Debtor produced to Cigna his amended initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) naming "Jay Smith," a/k/a/ Jaquanda Smith, as a witness likely to have discoverable information.

2. As the Debtor was unaware of Jaquanda Smith's address, Cigna undertook a public record search to determine Jaquanda Smith's current address.

3. On October 3, 2025, Cigna noticed its intent to serve Jaquanda Smith with a subpoena for her deposition on October 20, 2015, at 10:00 a.m. ECF No. 279.

4. Cigna then engaged a process server to personally serve Jaquanda Smith with a subpoena at her residence on October 6, 7 and 10, 2025. Attached hereto as **Exhibit A** is a true and correct copy of the process server's affidavit detailing attempts to serve Jaquanda Smith.

5. Given the inability to personally serve Jaquanda Smith, on October 15, 2025, Cigna re-noticed its intent to serve her with a subpoena for a rescheduled virtual deposition on November 5, 2025, at 10:00 a.m. ECF No. 288.

1

6. Cigna then engaged a process server to personally serve Jaquanda Smith with a subpoena at her residence on October 20, 2025.

7. After its good faith efforts to service Jaquanda Smith were not successful, Cigna served her by substituted service, pursuant to Fla. Stat. Ann. § 48.161, through UPS Overnight delivered October 22, 2025, at 10:15 a.m. at her personal residence. Attached hereto as **Exhibit B** is a true and correct copy of the UPS delivery confirmation. [1]

8. On October 29, 2025, counsel for Cigna then undertook a search for Jaquanda Smith's email address and emailed her a copy of the subpoena and confirmation that she had been served via substituted service. Attached hereto as **Exhibit C** is a true and correct copy of that communication to Jaquanda Smith. Cigna specified in the email that if Jaquanda Smith failed to appear for her deposition, Cigna would seek an order from the court compelling her attendance.

9. On November 4, 2025, Cigna emailed Jaquanda Smith the access information for her virtual deposition. A true and correct copy of that communication to Jaquanda Smith is attached hereto as **Exhibit D**. Cigna reiterated that if Jaquanda Smith failed to appear for her deposition, Cigna would seek an order from the court compelling her attendance.

10. On November 5, 2025, Jaquanda Smith did not appear for her deposition.

11. As of the date of this declaration, Jaquanda Smith has not sought a protective order from this Court.

---

[1] As set forth in the Motion, the Debtor is not taking a position on whether the Witnesses are evading service such that substituted service is appropriate; however, Cigna believes that substituted service applies in this instance.

*Service of Neisha Zaffuto and Medivance Billing Service, Inc.*

12. On September 8, 2025, the Debtor produced to Cigna his amended initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) naming Neisha Zaffuto as a witness likely to have discoverable information.

13. Pursuant to the Florida Department of State, Neisha Zaffuto is the registered agent for Medivance Billing Service, Inc. ("Medivance").

14. On October 3, 2025, counsel for Cigna noticed its intent to serve Neisha Zaffuto and Medivance with subpoenas for virtual depositions on October 22, 2015, at 10:00 a.m. ECF Nos. 280 and 281.

15. Counsel for Cigna then engaged a process server who attempted to serve Neisha Zaffuto with both subpoenas at her residence on October 6, 2025, and October 13, 2025. During one such instance, a man answered the door purporting to be Neisha Zaffuto's dog sitter stating she was out of town and that he did not know when she would return. Attached hereto as **Exhibit E** is a true and correct copy the process server's affidavit detailing attempts to serve Neisha Zaffuto in her individual capacity and as the registered agent for Medivance.

16. After its good faith efforts to service Neisha Zaffuto were not successful, on October 15, 2025, counsel for Cigna re-noticed its intent to serve Neisha Zaffuto and Medivance with subpoenas for rescheduled virtual depositions on November 7, 2025, at 10:00 a.m. and on November 7, 2025, at 11:00 a.m. respectively. ECF Nos. 289 and 290.

17. Counsel for Cigna then engaged a process server to personally serve Neisha Zaffuto with the subpoenas at her residence on October 20, 21, 22, and 23, 2025. Attached hereto as **Exhibit F** is a true and correct copy of the process server's affidavit detailing attempts to serve Neisha Zaffuto in her individual capacity and as the registered agent for Medivance.

18. Due to the inability to effectuate personal service after good faith efforts, pursuant to Fla. Stat. Ann. § 48.161, counsel for Cigna served her by substituted service in her individual capacity and as Medivance's registered agent through UPS Overnight delivered to her residence on October 22, 2025, at 11:13 a.m. and October 24, 2025, at 1:25 p.m. respectively.

19. On October 28, 2025, counsel for Cigna then emailed Neisha Zaffuto a copy of the subpoenas and confirmation that she had been served via substituted service. Attached hereto as **Exhibit G** is a true and correct copy of that communication to Neisha Zaffuto is. Counsel for Cigna specified in the email that if Neisha Zaffuto failed to appear for her depositions, Cigna would seek an order from the Court compelling her attendance.

20. On November 2, 2025, Neisha Zaffuto emailed counsel for Cigna stating that she would be travelling during the date of the virtual depositions with no known date of return. Attached hereto as **Exhibit H** is a true and correct copy of that communication from Neisha Zaffuto.

21. On November 3, 2025, counsel for Cigna responded to Neisha Zaffuto stating that the depositions had been scheduled for weeks and that the Debtor had not consented to an extension beyond the discovery cut off on November 14, 2025. Cigna explained that if Neisha Zaffuto was not available for an alternate date before such time, then the virtual depositions would continue as scheduled on November 7, 2025. Cigna advised that if she seeks to reschedule depositions after November 14, 2025, then she should seek leave of the Court. Attached hereto as **Exhibit I** is a true and correct copy of that communication to Neisha Zaffuto.

22. On November 6, 2025, counsel for Cigna emailed Neisha Zaffuto the access information for the depositions. Attached hereto as **Exhibit J** is a true and correct copy of that communication to Neisha Zaffuto. Cigna reiterated that if Neisha Zaffuto failed to appear for her

4

deposition or Medivance's deposition, Cigna would seek an order from the Court compelling her attendance.

23. As of the date of this declaration, neither Neisha Zaffuto nor Medivance have sought a protective order from this Court.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Kennedy R. Bodnarek*
Kennedy R. Bodnarek

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:<br><br>AARON DURALL,<br><br>Debtor. | Case No. 24-14573-SMG<br><br>Chapter 7 |

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case, and by regular U.S. Mail and email as set forth below on this the 12th day of November, 2025.

**Served via U.S. Mail:**
Neisha Zaffuto
7738 Banyan Way
Tamarac, Florida 33321

Jaquanda Smith
2000 Metropica Way
Apt 2501
Sunrise, FL 33323

Aaron Durall
7822 Marvanna Lane
Parkland, FL 33076

Patrick R. Dorsey
2385 NW Executive Center Dr. #300
Boca Raton, FL 33431

Marc P Barmat
2255 Glades Rd
Suite 419A
Boca Raton, FL 33431

**Served via Electronic Mail:**
Neisha Zaffuto neisha@capitalholdingcorp.com

Jaquanda Smith jaquandasmith@aol.com

/s/ Kennedy R. Bodnarek
Kennedy R. Bodnarek

1