UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

AARON DURALL,                                                      Case No. 24-14573-SMG

     Debtor.                                                              Chapter 7

_____/

AARON DURALL,

     Movant,

     v.                                                                         Contested Matter

CIGNA HEALTHCARE OF GEORGIA, INC.,

     Respondent.

_____/

## DEBTOR'S OBJECTIONS TO EXHIBITS

Debtor, Aaron Durall, objects to the following exhibits of Cigna Healthcare of

Georgia, Inc. ("Cigna").  *See* Docket Entry 422.  Unless otherwise noted herein, the "Rules"

refer to the Federal Rules of Evidence.

- **Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14** (Transcripts).  Exhibits 1–14 inclusive consist of various transcripts of *e.g.* arbitration hearings, depositions and trials.  Mr. Durall objects to admitting entire transcripts. *See, e.g.*, *Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1556 (11th Cir. 1987) (abrogated on other grounds by, *The Dutra Group v. Batterton*, 588 U.S. 358, 139 S.Ct. 2275 (2019)) ("When a document a party seeks to admit is full of inadmissible material, it is incumbent on the party to specifically note the admissible sections.  The district court cannot be expected to wade through a 129–page deposition pulling out the handful of admissible exchanges in the document."); *Paul Arpin Van Lines, Inc. v. Universal Transp. Services, Inc.*, 988 F.2d 288, 293–94 (1st Cir. 1993) (trial judge properly refused to consider entire transcript).  Mr. Durall reserves the right to raise appropriate objections (e.g. to the form of questions and hearsay) in the event Cigna designates portions of the transcripts.  Mr. Durall further objects to the extent Cigna intends to designate testimony by deposition without disclosure under Fed. R. Civ. P. 26(a)(3)(a)(ii).

- **Exhibit 15** (April 18, 2017 Letter).  Hearsay under Rule 802.

- **Exhibit 16** (April 2, 2018 Letter).  Hearsay under Rule 802.

- **Exhibit 17** (SIU Case Notes).  Hearsay under Rule 802.

- **Exhibit 18** (B.G. Test Results).  Hearsay under Rule 802 and authenticity under Rule 901.

- **Exhibit 19** (B.G. Test Results).  Hearsay under Rule 802 and authenticity under Rule 901.

- **Exhibit 20** (M.R. Patient Documents).  Hearsay under Rule 802 and authenticity under Rule 901.

- **Exhibit 26** (Kilgore Letter).  Hearsay under Rule 802.

- **Exhibit 30** (Ex. 2 to Rutherford Report).  Hearsay under Rule 802.

- **Exhibit 31** (Ex. 3 to Rutherford Report).  Hearsay under Rule 802.

- **Exhibit 32** (Ex. 4 to Rutherford Report).  Hearsay under Rule 802.

- **Exhibit 33** (Ex. 5 to Rutherford Report).  Hearsay under Rule 802.

- **Exhibit 50** (2018 Demand Letter).  Compromise offer under Rule 408(a) and hearsay under Rule 802.

- **Exhibit 51** (Cigna Claims Data).  Relevance under Rules 401 and 402; probative value substantially outweighed by undue delay and needlessly presenting cumulative evidence under Rule 403; and hearsay under Rule 802.

- **Exhibit 59** (Affidavit of Angela Sabbe).  Relevance under Rules 401 and 402; probative value substantially outweighed by needlessly presenting cumulative evidence under Rule 403; and hearsay under Rule 802.

- **Exhibits 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110 and 123** (Bank Statements).  Exhibits 60–110 inclusive, as well as 123, consist of large numbers of bank statements.  Mr. Durall objects to the statements under Rule 403 because their probative value is substantially outweighed by undue delay, wasting time or needlessly presenting cumulative evidence.  Cigna has retained an expert to perform a tracing analysis, and many of its exhibits are charts and summaries of the bank statements.  There is no need for the Court or the parties to wade through thousands of pages of underlying documents.

- Any exhibit or summary not listed on the exhibit register tendered by Cigna on May 22, 2026.  Docket Entry 422.

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Notice of Electronic Filing via CM/ECF to those parties registered to receive such notice in this case on May 28, 2026.

Respectfully Submitted,

**SHRAIBERG PAGE P.A.**
Attorneys for Mr. Durall
2385 NW Executive Center Drive
Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By:   /s/ *Patrick Dorsey*
        Patrick Dorsey, Esq.
        Florida Bar. No. 0085841
        pdorsey@slp.law

{2471/000/00587421}                    3