UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

AARON DURALL, Case No. 24-14573-SMG

Debtor. Chapter 7
_______________________________________/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Kenneth Welt, as chapter 7 trustee (the "Trustee"), Aaron Durall (the "Debtor"), and Cigna Healthcare of Georgia, Inc. ("Cigna"), pursuant to 11 U.S.C. §§ 105(a) and 363(b), and Fed. R. Bankr. P. 9019, respectfully request that the Court approve the settlement more particularly described below and in the Settlement Agreement attached hereto as Exhibit A (the "Agreement"). In support of this request, the movants state:

**BACKGROUND**

1. On May 9, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The case converted to chapter 7 on July 12, 2024 and the Trustee is the acting chapter 7 trustee.

2. Cigna has filed Proof of Claim No. 6 (the "Cigna Claim") in the amount of $21,223,748.81, based upon a federal district court judgment entered against third-party, DL Investment Holdings, LLC ("DL Investment"). Cigna alleges that the Debtor can be held individually liable for the judgment debt under a veil-piercing theory.

3. No other filed claim exceeds six figures, and the Cigna claim is by far the largest one asserted in the case. *See generally* Claims Register.

4. The Debtor and Cigna are engaged in litigation on several fronts. The Debtor has objected to the Cigna claim at Dkt. No. 133, and Cigna has filed a non-dischargeability



{2280/000/00512988}

#68659121 v2

adversary proceeding against the Debtor at Adv. Proc. No. 24–01410—SMG (the "Adversary Proceeding").*See* Dkt. No. 173.

5. At the same time, the Trustee is investigating various claims and causes of action against potential defendants. The Debtor has consented to extension of time for the Trustee to object to his claimed exemptions and discharge. *See* Dkt. No. 452 (agreed motion). The Trustee has also entered into a tolling agreement with Mrs. Durall, Dalton Durall, DL Investments [sic], Reliance Labs Testing, CanMed Labs, GA Medical Holdings, NNZ Holdings, and DL Investment Holdings, LLC (together, all the parties to said tolling agreement other than the Trustee shall be referred to as the "Relatives and Affiliates"), so as to extend the deadline to file certain claims through November 30, 2026 (the "Tolling Agreement").

6. The movants have entered into the Agreement to resolve their disputes. The material terms of the Agreement include:[1]

- The Debtor agrees to pay Cigna the aggregate amount of $500,000 as follows: (a) $150,000.00 within six months of the Effective Date, (b) a second payment $150,000.00 within eighteen months of the Effective Date, and (c) a third payment of $200,000.00 within twenty-four months of the Effective Date.

- The foregoing payments will be secured by a lien on the real property owned by the Debtor and Mrs. Durall as tenants by the entirety, and further claimed by the Debtor as homestead property, located at 7822 Marvanna Lane, Parkland, Florida 30076 (the "Real Property").

- The Cigna Claim will be allowed as a general unsecured claim in the amount of $1.875 million.

[1] The material terms of the Agreement are summarized herein for convenience and notice purposes only. Interested parties are strongly encouraged to review the Agreement in its entirety. To any extent the language in this motion conflicts with that of the Agreement attached as Exhibit "1", the Agreement shall control.

- Upon the Effective Date, the Adversary Proceeding will be dismissed with prejudice, with each party to bear its own attorneys' fees and costs.

- The Debtor, both directly and via entities he controls, agrees not to submit claims for medical services to Cigna following the Effective Date.

- Cigna will not oppose any future request by the Debtor to convert the case to chapter 11.

- The Debtor represents and warrants that to the best of his information, knowledge and belief, neither his filed bankruptcy schedules, nor the interim reports filed by the Trustee, fails to reference an asset owned by the Debtor as of and between May 9, 2024 and the Effective Date, with a value greater than $20,000.

- The Agreement fully resolves any of the Trustee's objections to exemptions, objections to discharge, or claims otherwise referenced in the Tolling Agreement.

- Cigna on the one hand, and the Debtor and Melanie Durall on the other hand, are exchanging general releases.

7. The movants request that the Court approve the Agreement as set forth hereinabove, and authorize the Parties to perform thereunder.

**ARGUMENT**

**A. The Court Should Approve the Agreement.**

8. The Court may approve a compromise or settlement after notice and a hearing. Fed. R. Bankr. P. 9019.

9. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake," and settlements should be approved unless they "fall[] below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (citation and quotations omitted).

10. When considering settlements for approval, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *GMGRSST, Ltd. v.*

*Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005). The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *Id.* These factors are as follows: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *See Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

11. The *Justice Oaks* factors weigh in favor of approving the terms of the Agreement. In particular:

12. First, the outcome of litigation between the parties is uncertain. Veil piercing is a very fact-specific doctrine under which to impose liability, and the objection to the Cigna Claim had been scheduled for trial during the week of June 22, 2026, prior to the parties announcing an agreement in principle. *See* Dkt. Nos. 362, 367 and 387 (pretrial briefs); *see also* Dkt. No. 442 (order cancelling trial). Either Cigna or the Debtor could have prevailed had the trial proceeded.

13. Second, the Debtor has maintained that he is not collectible. He has testified that he engaged in years of prepetition civil and criminal litigation which depleted his resources. Moreover, the primary asset disclosed on his schedules, the Real Property, has been claimed exempt as both his homestead and tenancy by the entireties property. Dkt. No. 297. Overcoming those claimed exemptions is uncertain and would require the estate to invest substantial time and resources.

14. Third, the trial on the Cigna Claim would have been complex. The parties disputed legal issues, such as the applicability of collateral estoppel, as well as facts that

occurred a decade ago, when DL Investment was formed and purchased a hospital located in Georgia. The trial was scheduled for one week and could well have extended past that time period. As with all complex litigation, the Cigna Claim litigation would be time consuming and expensive for all parties.

15. Finally, the paramount interest of creditors supports the Agreement. Cigna is by far the largest and most active creditor in this bankruptcy case, and supports the Agreement. The Agreement will also be served on the creditor matrix, and interested parties will have an opportunity to object.

16. In light of the foregoing, the Agreement satisfies the *Justice Oaks* factors, and is thus fair and equitable. The Court should approve the Agreement and authorize the Parties to perform thereunder.

WHEREFORE, the movants respectfully request that request that this Honorable Court enter an order: (i) granting this Motion; (ii) approving the settlement described herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: September 4, 2026.

**GRAYROBINSON, P.A.**
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
(561) 368-3808/(561)368-4008-fax

By */s/Alvin Goldstein*
Alvin S. Goldstein
Florida Bar No. 993621
E-Mail: Alvin.Goldstein@gray-robinson.com

*Counsel to the Trustee, Kenneth Welt*

**SHRAIBERG PAGE P.A.**
2385 N.W. Executive Center Dr.
Suite 300
Boca Raton, FL 33431
(561) 443-0800 Main
(561) 998-0047 Fax

**ALSTON & BIRD LLP**
1201 W Peachtree St NE #4900
Atlanta, GA 30309
Telephone: (404) 881-7000

By: /s/ *Ryan Martin-Patterson*
William S. Sugden (admitted *pro hac vice*)
Kennedy R. Bodnarek (admitted *pro hac vice*)
E-Mail: will.sugden@alston.com
kennedy.bodnarek@alston.com

and

**ALSTON & BIRD LLP**
Edward T. Kang (admitted *pro hac vice*)
Ryan Martin-Patterson (admitted *pro hac vice*)
Harrison Nugent (admitted *pro hac vice*)
950 F St NW

By: */s/ Patrick S. Dorsey*
Patrick S. Dorsey
Florida Bar No. 85841
E-Mail: PDorsey@slp.law

*Counsel to the Debtor*

Washington, DC 20004
Telephone: (202) 239-3300
E-Mail: edward.kang@alston.com
ryan.martin-patterson@alston.com
harrison.nugent@alston.com

and

**EFR LAWFIRM**
Eduardo F. Rodriguez
800 S. Douglas Road, Suite 350
Coral Gables, Florida 33134
Telephone: (305) 340-0034
E-Mail: eddie@efrlawfirm.com
Florida Bar No. 36423

*Attorneys for Cigna Healthcare of Georgia Inc.*



{2280/000/00512988}

#68659121 v2

EXHIBIT "A"

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), dated as of September 1, 2026 (the "Signature Date"), is by and among the following persons: (1) Aaron Durall (the "Debtor"), (2) Cigna Healthcare of Georgia, Inc. ("Cigna"), (3) Kenneth Welt, in his capacity as the duly appointed chapter 7 Trustee in the Debtor's bankruptcy case (the "Trustee"), and (4) Melanie Durall, the spouse of the Debtor. The Debtor, Cigna, the Trustee, and Melanie Durall are collectively referred to as the "Parties" and each individually as a "Party."

## RECITALS

**WHEREAS,** on May 9, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, Case No. 24–14573–SMG (the "Case"), in the United States Bankruptcy Court for the Southern District of Florida (the "Court");

**WHEREAS,** the Case converted to chapter 7 on July 12, 2024 and the Trustee is the acting chapter 7 trustee of the bankruptcy estate of the Debtor (the "Estate");

**WHEREAS,** Cigna has filed Proof of Claim No. 6 (the "Cigna Claim") in the case in the amount of $21,223,748.81 plus accruing post-judgment interest (as set forth herein) based upon a federal district court judgment (the "Cigna Judgment"), and alleges that it can pierce the corporate veil of third party, DL Investment Holdings, LLC, a Florida limited liability company ("DL Investment") so as to hold the Debtor liable for such judgment debt;

**WHEREAS,** Cigna has also filed an adversary proceeding in the Case, Adv. Proc. No. 24–01410—SMG (the "Adversary Proceeding"), in which it seeks to deem its debt alleged against the Debtor non-dischargeable under 11 U.S.C. § 523;

**WHEREAS**, the Debtor and Melanie Durall own certain real property located at 7822 Marvanna Lane, Parkland, Florida 30076 (the "Homestead") as tenancy by the entireties property, and further claim the Homestead as their homestead property;

**WHEREAS,** the Debtor has filed an objection to the Cigna Claim at Dkt. No. 133 and otherwise disputes the allegations made by Cigna in the Cigna Claim and Adversary Proceeding;

**WHEREAS,** the deadline for the Trustee to object to the Debtor's claimed objections or discharge is August 24, 2026, *see* Dkt. No. 379;

**WHEREAS,** the Trustee has entered into a tolling agreement with Melanie Durall, Dalton Durall, DL Investments [sic], Reliance Labs Testing, CanMed Labs, GA Medical Holdings, NNZ Holdings, and DL Investment Holdings, LLC (together, all the parties to said tolling agreement other than the Trustee shall be referred to as the "Relatives and Affiliates") so as to extend the deadline to file certain claims through November 30, 2026 (the "Tolling Agreement");

**WHEREAS**, in order to avoid the expense, delay, and risk of litigation, the Parties engaged in extended, good-faith and arms' length settlement negotiations, which resulted in the settlement contained herein.

**NOW**, **THEREFORE**, in consideration of the terms, conditions and agreements of the Parties set forth herein and for other good and valuable consideration, the receipt and sufficiency of is hereby acknowledged, the Parties agree to the following:

1. Signatures and Bankruptcy Court Approval Required: This Agreement is subject to each of the following requirements: (a) being signed by each of the Parties, (b) the entry of an order in the Case, in form and content reasonably acceptable to the Parties, approving the Agreement under Fed. R. Bankr. P. 9019 and applicable law (the "Approval Order"), and (c) the Approval Order becoming final and non-appealable. Within three (3) business days after the full execution of this Agreement by all of the Parties, the Trustee shall file a motion in the Case seeking the entry of the Approval Order. The Parties agree to use their good faith and best efforts to obtain approval of all of the terms and conditions of this Agreement by the Court. The "Effective Date" of this Agreement for all purposes shall mean the first business day after the Approval Order becomes final and non-appealable. In the event the Court does not approve this Agreement, the Agreement shall become null and void and the Parties shall be returned to their status quo ante.

2. Settlement Payment of the Debtor to Cigna: The Debtor agrees to pay Cigna the aggregate amount of $500,000.00 as follows: (a) The Debtor shall pay to Cigna a first payment of $150,000.00 within six months of the Effective Date; (b) the Debtor shall pay to Cigna a second payment $150,000.00 within eighteen months of the Effective Date; and (c) the Debtor shall pay to Cigna a third payment of $200,000.00 within twenty-four months of the Effective Date (together, the "Settlement Payment"). Beginning on the Effective Date, the Settlement Payment shall accrue interest at the post-judgment interest rate of the Cigna Judgment as set forth in 28 U.S.C. § 1961. The Settlement Payment shall be secured by a lien in favor of Cigna on the Homestead. The Debtor and Melanie Durall consent to the lien and shall execute such documents as may be reasonably necessary for Cigna to obtain and record said lien in the public records of Broward County, Florida. The Settlement Payment shall be paid by wire payment and sent per the following wire payment instruction details:

**Bank**: Bank of America
**City, State**: Chicago, IL
**Bank Address**: 231 South LaSalle St., Chicago, IL 60604
**Account Name**: CHLIC
**Account Number**: [redacted]2906
**ABA Number**: [redacted]9593
**Reference**: Durall Settlement
**Account Holder**: Connecticut Health and Life Insurance Company ("CHLIC")
**Account Holder Address**: 900 Cottage Grove Rd; Hartford, CT 06512

3. Partial Allowance of Cigna Claim. Upon the Effective Date, the Cigna Claim shall be allowed in the Case as a general unsecured claim in the amount of $1,875,000.00; provided, however, that this allowance shall not constitute an admission of wrongdoing by any Party. In the event interest is paid on the partially allowed Cigna Claim pursuant to 11 U.S.C. § 726(a)(5), such interest shall run from the Effective Date and be calculated at the post-judgment interest rate of the Cigna Judgment as set forth in 28 U.S.C. § 1961.

4. Dismissal of Adversary Proceeding. Upon the Effective Date, Cigna and the Debtor shall file a joint stipulation dismissing the Adversary Proceeding with prejudice; with Cigna and the Debtor each to bear their own attorneys' fees and costs.

5. Prohibition Against Submitting Claims to Cigna. The Debtor, both individually and via entities that he owns or controls, directly or indirectly, agrees not to knowingly, recklessly, or negligently submit claims for payment for medical services to Cigna or its affiliates, subsidiaries, parents, successors, agents, or any other related entities at any time following the Effective Date. Neither Cigna nor its affiliates, subsidiaries, parents, successors, agents, or other related entities will be responsible for reimbursing any claim submitted in violation of this provision. For the avoidance of doubt, nothing in this provision alters, prohibits or otherwise affects the ability of the Debtor to purchase equities in publicly traded companies, and for such companies to be reimbursed on claims submitted to Cigna, so long as the Debtor does not have a controlling interest in such publicly traded companies.

6. Conversion. Cigna agrees that they shall not oppose any request by the Debtor to convert the Case to chapter 11.

7. Truthfulness of Schedules. Within 30 days of the Effective Date, the Debtor will amend his bankruptcy schedules to reflect: (1) his potential interests in Centre Hospital Corporation, Centre RHC Corp., AMCT Diagnostic Corp., GA Medical Holding Corp., DL Investments, DL Investment Holdings, LLC (DL Investment Holdings, LLC is the name of two entities, one organized in Delaware and another in Florida), NNZ Holdings, LLC, Cherokee Hospital, LLC, CanMedLabs, LLC, Law Offices of Aaron Durall Inc., Reliance Laboratory Testing, Inc., and Broward Title & Escrow, Inc.; and, (2) that subsequent to his bankruptcy petition being filed, he was added as an accountholder to a bank account maintained by Melanie Durall at PNC Bank. Subject to the foregoing, the Debtor represents and warrants that to the best of his information, knowledge and belief, his bankruptcy schedules and the interim reports filed by the Trustee collectively reference all assets owned by the Debtor as of and between May 9, 2024 and the Effective Date, with a value greater than $20,000.

8. Full and Final Satisfaction of Trustee Claims. This Agreement is entered into in full and final satisfaction of any or all the following claims or objections held by the Trustee: (a) any objections to claimed exemptions in the Case, (b) any objections to discharge in the Case, and (c) any other claims against the Debtor or against any of the Relatives and Affiliates, including any claims referenced in or otherwise implicated by the Tolling Agreement (together, the "Trustee Claims"). Upon the Effective Date, and without the need for further documentation, order or action, the Trustee fully and irrevocably releases the Trustee Claims against any and all persons, including (a) the Debtor and (b) the Relatives and Affiliates.

9. Clarifications Regarding Liability. For the avoidance of doubt, the Settlement Payment is a postpetition obligation of the Debtor (and of Melanie Durall solely to the extent necessary for Cigna to obtain a lien on the Homestead in accordance with paragraph 2 hereinabove). The Settlement Payment is not an obligation of the Estate. For the similar avoidance of doubt, the Cigna Claim is an obligation of the Estate. The Cigna Claim (whether as allowed under paragraph 3 hereinabove or otherwise) is not an obligation of the Debtor

and/or Melanie Durall, irrespective of whether the Case is dismissed or the Debtor otherwise fails to obtain a bankruptcy discharge.

10. Mutual General Releases Between Cigna On One Hand, and the Debtor and Melanie Durall On the Other Hand. Effective automatically on the Effective Date and without the need for further documentation, order, or action, Cigna, on the one hand, and the Debtor and Melanie Durall, jointly and severally, on the other hand, shall be deemed to have remised, released, acquitted, waived, satisfied, and forever discharged one another from any and all manner of debts, accountings, bonds, warranties, representations, covenants, promises, contracts, controversies, agreements, liabilities, obligations, expenses, damages, judgments, executions, objections, defenses, setoffs, actions, claims, counterclaims, losses, demands and causes of action, whether in law, contract or equity, known or unknown, unforeseen or unanticipated, accrued or unaccrued, direct, indirect or derivative, contingent or ripe, liquidated or unliquidated, suspected or unsuspected, actual or potential, asserted or unasserted, patent or latent, matured or unmatured, from the beginning of time through the Signature Date; provided, however, that nothing in this paragraph shall act to release any Party from its obligations and performances owing under this Agreement.

11. Full and Complete Release. Within the scope of the releases contained in paragraph 10 hereinabove, Cigna, the Debtor and Melanie Durall (together, the "Releasing Parties") forever waive and relinquish the provisions, rights and benefits, if any, of Section 1542 of the California Civil Code, and any and all provisions, rights and benefits if any under similar law of any other jurisdiction. Section 1542 provides:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY."**

The Releasing Parties expressly state that the releases in paragraph 10 hereinabove, without expanding the intended scope of such releases, herein include any right or benefit which they have or may have under Section 1542 of the California Civil Code, as well as under any other statute or principle of law or equity of the same or similar effect in force anywhere in the world, to the fullest extent that they may waive all such rights and benefits.

12. Entire Agreement. This Agreement constitutes the entire agreement and understanding between the Parties and supersedes any and all prior oral and written agreements and understandings. No representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter hereof shall be relied upon by them except those contained herein and not otherwise disputed herein.

13. No Admission of Liability. This Agreement was negotiated, in part, to avoid the time, effort and cost of litigation. This Agreement was never intended and shall never constitute nor be construed as an admission of any liability or wrongdoing by any Party.

14. Notices. Any and all notices required or permitted under this Agreement shall be in writing and shall be sent via (a) regular mail or overnight delivery and (b) email, to the

respective parties at the following addresses (the "Notice Parties"), unless and until a different address has been designated by written notice to the other Parties.

The Trustee:

c/o Alvin Goldstein, Esq.
GrayRobinson, P.A.
One Boca Place
2255 Glades Road
Suite 301E
Boca Raton, FL 33431
Alvin.Goldstein@gray-robinson.com

The Debtor:

c/o Patrick Dorsey, Esq.
Shraiberg Page P.A.
2385 N.W. Exec. Ctr. Dr.
Ste. 300
Boca Raton, FL 33431
pdorsey@slp.law

Cigna:

c/o Edward Kang, Esq.
Alston & Bird
950 F Street NW
Washington, DC 20004
(202) 239-3728
Edward.Kang@alston.com

Melanie Durall:

Melanie Durall
7822 Marvanna Lane
Parkland, FL 33076
Melaniedurall1@gmail.com

15. Default. In the event a Party fails to timely perform any obligation in this Agreement, any other Party shall provide the non-performing Party with written notice of the default and opportunity to cure. The defaulting Party shall have fourteen (14) calendar days to cure the default from the date of its receipt the notice of default. If the default is not cured after the expiration of said cure period, then the defaulting party shall be in default under this Agreement.

16. Severability. If any provision of this Agreement is held to be invalid, void, or unenforceable, all other provisions of this Agreement nevertheless will remain in full force and effect and shall be interpreted to give effect to the intent of the Parties as expressed through the provision held to be invalid, void or enforceable.

17. Modification. This Agreement may not be amended or modified in any respect whatsoever except by a written document signed by each of the Parties and approved by the Court.

18. Full Authority. The Parties each represent that they have full authority to enter into this Agreement, and that they are competent and over the age of majority.

19. Independent Counsel. With the exception of Melanie Durall, each of the Parties to this Agreement acknowledges and agrees that it has been represented by independent counsel of its own choice throughout all negotiations which preceded the execution of this Agreement, that it has executed and approved this Agreement after consultation with said independent counsel, and that it shall not deny the validity of this Agreement on the ground that such party did not have the advice of legal counsel. Melanie Durall acknowledges and agrees that: (a) she is not represented by Shraiberg Page P.A. or any of its attorneys, (b) she has had the opportunity to consult with independent counsel of her own choice in connection with this Agreement, and (c) she shall not deny the validity of the Agreement of the grounds that she did not have the advice of legal counsel.

20. Successors and Assigns. This Agreement shall be binding and inure to the benefit of each of the Parties and their respective heirs, executors, administrators, agents, representatives, successors, and assigns. Each Party represents and warrants that it has not sold, assigned, transferred or otherwise disposed of, and will not sell, assign, transfer or otherwise dispose of any claim purported to be released by such Party pursuant to this Agreement.

21. Governing Law. This Agreement shall be interpreted, enforced, and governed in accordance with the laws of the State of Florida, regardless of any conflicts-of-laws principles. The Bankruptcy Court shall have exclusive jurisdiction to enforce this Agreement.

22. No Third-Party Beneficiary Rights. Subject to paragraph 8 hereinabove and the release of the Trustee Claims, nothing contained in this Agreement shall confer any rights, claims, benefits or remedies upon any person or entity who is not a Party to this Agreement.

23. Ambiguities. Each of the Parties have reviewed this Agreement and agree that the rule of interpretation stating that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

24. Construction. The term "or" is not exclusive.

25. Counterparts and Electronic Signatures. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Electronic, pdf, of fax signatures shall be considered original signatures.

26. Further Assurances. Each Party shall execute and deliver at its own expense such writings as may reasonably be requested by another Party to effectuate the terms of this Agreement.

27. Legal Fees and Costs. Each of the Parties shall pay its own respective attorneys' fees and costs incurred related to this Agreement, the Case and the Adversary Proceeding.

[Signatures on following page]

Cigna Healthcare of Georgia, Inc.

By: Joseph Vokolos Dated: 9/3/2026
Name: Joseph Vokolos
Position: Actuarial Managing Director

Kenneth Welt, as Chapter 7 Trustee

By: ____________________ Dated: ____________________
Kenneth Welt, as Trustee
[Insert Position]

Aaron Durall

By: ____________________ Dated: ____________________
Aaron Durall

Melanie Durall

By: ____________________ Dated: ____________________
Melanie Durall

Cigna Healthcare of Georgia, Inc.

By: ______________________ Dated: ______________________
Name:
Position:

Kenneth Welt, as Chapter 7 Trustee

By: ______________________ Dated: Sept. 1, 2026
Kenneth Welt, as Trustee
[Insert Position]

Aaron Durall

By: ______________________ Dated: ______________________
Aaron Durall

Melanie Durall

By: ______________________ Dated: ______________________
Melanie Durall

Cigna Healthcare of Georgia, Inc.

By: ______________________ Dated: ______________________
Name:
Position:

Kenneth Welt, as Chapter 7 Trustee

By: ______________________ Dated: ______________________
Kenneth Welt, as Trustee
[Insert Position]

Aaron Durall

By: ______________________ Dated: 9/1/26
Aaron Durall

Melanie Durall

By: Melanie Durall Dated: 9/1/2026
Melanie Durall